IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMOJI COMPANY GmbH, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, <br><br> Defendants. | Case No. 22-cv-2378 <br><br> Judge John J. Tharp, Jr. |

## DEFENDANT WINLYN'S ANSWER TO COMPLAINT

Defendant Shantou City Zhuoxiang Trading Co., Ltd. (listed as Defendant 232 in Schedule A to the Complaint) (hereafter "Winlyn"), by its undersigned counsel, answers the Complaint of Plaintiff Emoji Company GmbH (hereafter "Emoji") by denying each and every allegation against them unless specifically admitted or controverted below:

### ANSWER TO "JURISDICTION AND VENUE"

1.  Winlyn admits that Emoji purports to bring claims based on allegations of trademark infringement and other alleged wrongdoing under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and under the laws of the State of Illinois. (*See* Doc. 1.) However, Winlyn denies the validity of Emoji's claims and denies any liability to Emoji. Winlyn does not dispute that the Court has subject matter jurisdiction

1

over the claims in Emoji's Complaint. Winlyn denies all other remaining allegations in Paragraph 1 of the Complaint.

2. Paragraph 2 consists in part of legal assertions to which no response is required. Furthermore, Paragraph 2 is not directed solely to Winlyn, but is instead directed collectively towards hundreds of defendants. On information and belief, none of the other defendants are connected to Winlyn. Winlyn admits that it operates an online store available on Amazon.com, and that its store ships goods to consumers in the United States. To the extent Paragraph 2 implies any other factual allegations regarding Winlyn's conduct, Winlyn denies them. To the extent Paragraph 2 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Solely for the purpose of this action, Winlyn does not dispute that venue is proper in this Court and that this Court has personal jurisdiction over Winlyn. Winlyn denies any liability to Emoji and denies all remaining allegations in Paragraph 2 of the Complaint.

## **ANSWER TO "INTRODUCTION"**

3. Paragraph 3 is not directed towards Winlyn, but instead discusses Emoji's alleged motivation to file suit. Winlyn lacks knowledge or information sufficient to form a belief about the truth of Emoji's allegations regarding its intent. Paragraph 3 also implicitly characterizes the hundreds of defendants collectively. On information and belief, none of the other defendants are connected to Winlyn. Winlyn admits that it operates an online store available on Amazon.com. To the extent Paragraph 3 implies any other factual allegations regarding Winlyn's conduct, Winlyn denies them. To the extent Paragraph 3 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Winlyn denies any liability to Emoji and denies all remaining allegations in Paragraph 3.

4. Paragraph 4 is not directed towards Winlyn, but instead discusses the hundreds of defendants collectively. On information and belief, none of the other defendants are connected to Winlyn. Winlyn admits that it operates an online store available on Amazon.com. To the extent Paragraph 4 implies any other factual allegations regarding Winlyn's conduct, Winlyn denies them. Winlyn specifically denies that it designed its Amazon store to appear to be selling Plaintiff's products. Even a cursory review of Winlyn's Amazon store shows Plaintiff has no basis for this allegation. Winlyn also specifically denies that it has concealed its identity online. Winlyn's name and contact address are clearly identified in each of its Amazon listings by clicking the link "Sold by Winlyn" just under the "Add to Cart" and "Buy Now". Moreover, even a cursory online search for "Winlyn" leads directly to Winlyn's registered U.S. trademarks and to their owner (this defendant). To the extent Paragraph 4 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Winlyn denies any liability to Emoji and denies all remaining allegations in Paragraph 4.

5. Paragraph 5 consists in part of legal assertions to which no response is required. Furthermore, Paragraph 5 is not directed solely to Winlyn, but is instead directed collectively towards hundreds of defendants. On information and belief, none of the other defendants are connected to Winlyn. Winlyn admits that it operates an online store available on Amazon.com, and that its store ships goods to consumers in the United States. To the extent Paragraph 5 implies any other factual allegations regarding Winlyn's conduct, Winlyn denies them. To the extent Paragraph 5 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Solely for the purpose of this action, Winlyn does not dispute that this Court has personal jurisdiction over Winlyn. Winlyn denies any liability to Emoji and denies all remaining allegations in Paragraph 5.

**ANSWER TO "THE PLAINTIFF"**

6. Paragraph 6 is not directed towards Winlyn, and Winlyn lacks knowledge or information sufficient to form a belief about the truth of Emoji's allegations regarding its own design, manufacturing, and sales. Winlyn denies all remaining allegations in Paragraph 6.

7. Paragraph 7 is not directed towards Winlyn and contains legal assertions to which no response is required. Winlyn admits that Exhibit 1 to the Complaint purports to be copies of the listed registration certificates for U.S. trademarks. Winlyn otherwise lacks knowledge or information sufficient to form a belief about the truth of Emoji's allegations regarding its own activities. Winlyn denies all remaining allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 is not directed towards Winlyn and contains legal assertions to which no response is required. Winlyn lacks knowledge or information sufficient to form a belief about the truth of Emoji's boilerplate allegations regarding its own activities, but specifically denies the validity of the asserted trademarks. Winlyn denies all remaining allegations in Paragraph 9.

9. Paragraph 9 is not directed towards Winlyn and contains legal assertions to which no response is required. Winlyn lacks knowledge or information sufficient to form a belief about the truth of Emoji's allegations regarding the use of Emoji's trademarks, but specifically denies the validity of the asserted trademarks. Winlyn denies all remaining allegations in Paragraph 8.

10. Paragraph 10 is not directed towards Winlyn and contains legal assertions to which no response is required. Winlyn lacks knowledge or information sufficient to form a belief about the truth of Emoji's allegations regarding its actions to police the use of its marks and the quality of its licensed goods, but specifically denies the validity of the asserted trademarks. Winlyn denies all remaining allegations in Paragraph 10.

11. Paragraph 11 is not directed towards Winlyn and contains legal assertions to which no response is required. Winlyn denies all factual allegations in Paragraph 11.

12. Paragraph 12 is not directed towards Winlyn. Winlyn lacks knowledge or information sufficient to form a belief about the truth of Emoji's allegations regarding its own actions, but specifically denies the validity of the asserted trademarks. Winlyn denies all remaining allegations in Paragraph 12.

### ANSWER TO "THE DEFENDANTS"

13. Paragraph 13 is not directed solely to Winlyn but is instead directed collectively towards hundreds of defendants. On information and belief, none of the other defendants are connected to Winlyn. Winlyn admits that it is a corporation organized under the laws of China and is physically located in China. Winlyn further admits that it operates an online store available on Amazon.com, and that its store ships goods to consumers in the United States. To the extent Paragraph 13 includes any other allegations regarding Winlyn's conduct, Winlyn denies them. To the extent Paragraph 13 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Winlyn denies any liability to Emoji and denies all remaining allegations in Paragraph 13.

### ANSWER TO "THE DEFENDANTS' UNLAWFUL CONDUCT"

14. Paragraph 14 is not directed solely to Winlyn but is instead directed collectively towards hundreds of defendants and towards the problems of counterfeiting worldwide. On information and belief, none of the other defendants are connected to Winlyn. Winlyn admits that it operates an online store available on Amazon.com which ships goods to consumers in the United States but denies that they are counterfeit goods. To the extent Paragraph 14 includes any other allegations regarding Winlyn's conduct, Winlyn denies them. To the extent Paragraph 14 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Winlyn denies any liability to Emoji and denies all remaining allegations in Paragraph 14.

15. Paragraph 15 is not directed solely to Winlyn but is instead directed collectively towards hundreds of defendants. On information and belief, none of the other defendants are connected to Winlyn. Winlyn admits that it operates an online store available on Amazon.com which ships goods to consumers in the United States but denies that they are counterfeit goods and further denies that its online store has been designed to appear to be an authorized online retailer for anyone other than Winlyn. Winlyn denies all other allegations regarding Winlyn in Paragraph 15. To the extent Paragraph 15 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Winlyn denies any liability to Emoji and denies all remaining allegations in Paragraph 15.

16. Paragraph 16 is not directed solely to Winlyn but is instead directed collectively towards hundreds of defendants. On information and belief, none of the other defendants are connected to Winlyn. Winlyn admits that it has no license from Emoji and is not an authorized retailer of Emoji's products. Winlyn denies all other allegations regarding Winlyn in Paragraph 16. To the extent Paragraph 16 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Winlyn denies any liability to Emoji and denies all remaining allegations in Paragraph 16.

17. Paragraph 17 is not directed solely to Winlyn but is instead directed collectively towards hundreds of defendants. Winlyn denies all allegations regarding Winlyn in Paragraph 17, and states that Emoji has no good faith basis to make such allegations against Winlyn. To the extent Paragraph 17 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Winlyn denies any liability to Emoji and denies all remaining allegations in Paragraph 17.

18. Paragraph 18 is not directed solely to Winlyn but is instead directed collectively towards hundreds of defendants. Winlyn denies all allegations regarding Winlyn in Paragraph 18, and states that Emoji has no good faith basis to make such allegations against Winlyn. To the extent Paragraph 18 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Winlyn denies all remaining allegations in Paragraph 18.

19. Paragraph 19 is not directed solely to Winlyn but is instead directed collectively towards hundreds of defendants. Winlyn denies all allegations regarding Winlyn in Paragraph 19, and states that Emoji has no good faith basis to make such allegations against Winlyn. To the extent Paragraph 19 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Winlyn denies all remaining allegations in Paragraph 19.

20. Paragraph 20 is not directed solely to Winlyn but is instead directed collectively towards hundreds of defendants. Winlyn denies all allegations regarding Winlyn in Paragraph 20, and states that Emoji has no good faith basis to make such allegations against Winlyn. To the extent Paragraph 20 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Winlyn denies all remaining allegations in Paragraph 20.

21. Paragraph 21 is not directed solely to Winlyn but is instead directed collectively towards hundreds of defendants. Winlyn admits that, as a Chinese corporation, it has bank accounts outside the United States. Winlyn denies all other allegations regarding Winlyn in Paragraph 21, and states that Emoji has no good faith basis to make such allegations against Winlyn. Winlyn specifically denies Emoji's libelous characterization of Winlyn as a "counterfeiter" (see "counterfeiters such as Defendants"). To the extent Paragraph 21 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Winlyn denies all remaining allegations in Paragraph 21.

22. Paragraph 21 is not directed solely to Winlyn but is instead directed collectively towards hundreds of defendants. On information and belief, none of the other defendants are connected to Winlyn. Winlyn specifically denies that it is in "constant communication" with other defendants or has any business relationship with other defendants. To the extent Paragraph 22 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Winlyn denies all other allegations in Paragraph 22.

23. Paragraph 23 is not directed solely to Winlyn but is instead directed collectively towards hundreds of defendants. On information and belief, none of the other defendants are connected to Winlyn. To the extent Paragraph 23 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Winlyn admits that it operates an online store available on Amazon.com which ships goods to consumers in the United States. Winlyn denies all remaining allegations in Paragraph 23.

24. Paragraph 24 is not directed solely to Winlyn but is instead directed collectively towards hundreds of defendants. On information and belief, none of the other defendants are connected to Winlyn. To the extent Paragraph 24 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Winlyn admits that it operates an online store available on Amazon.com which ships goods to consumers in the United States. Winlyn denies any liability to Emoji and denies all remaining allegations in Paragraph 24.

## ANSWER TO "COUNT I"

25. Winlyn repeats and incorporates by reference herein the statements contained in paragraphs 1-24 of this Answer.

26. Winlyn admits that Emoji purports to bring allegations against Winlyn under the Lanham Act. Winlyn denies all remaining allegations in Paragraph 26.

27. To the extent Paragraph 27 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Denied as to Winlyn.

28. To the extent Paragraph 28 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Winlyn admits that, since Emoji filed this lawsuit, Winlyn now knows of Emoji's claimed trademark rights. Otherwise denied as to Winlyn.

29. To the extent Paragraph 29 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Denied as to Winlyn.

30. To the extent Paragraph 30 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Denied as to Winlyn.

31. To the extent Paragraph 31 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Denied as to Winlyn.

### ANSWER TO "COUNT II"

32. Winlyn repeats and incorporates by reference herein the statements contained in paragraphs 1-31 of this Answer.

33. To the extent Paragraph 33 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Denied as to Winlyn.

34. To the extent Paragraph 34 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Denied as to Winlyn.

35. To the extent Paragraph 35 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Denied as to Winlyn.

36. To the extent Paragraph 36 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Denied as to Winlyn.

### ANSWER TO "COUNT III"

37. Winlyn repeats and incorporates by reference herein the statements contained in paragraphs 1-36 of this Answer.

38. To the extent Paragraph 38 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Denied as to Winlyn.

39. To the extent Paragraph 39 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Denied as to Winlyn.

40. To the extent Paragraph 40 concerns defendants other than Winlyn, Winlyn lacks knowledge or information sufficient to form a belief about the truth of those allegations. Denied as to Winlyn.

## ANSWER TO PRAYER FOR RELIEF

Winlyn specifically controverts the requests set forth in Paragraphs 1) through 8) in the section of the Complaint in which Emoji prays for judgment and relief and denies that Emoji is entitled to any relief whatsoever against Winlyn. Winlyn respectfully requests judgment dismissing all claims against it and against Emoji in all respects.

## AFFIRMATIVE DEFENSES

1. Winlyn has not engaged in the conduct alleged in the Complaint.

2. The Complaint fails to state a claim against Winlyn upon which relief can be granted.

3. Emoji is not entitled to injunctive relief at least because it has suffered no irreparable injury and has adequate remedies at law.

4. Winlyn is not liable to Emoji for infringement of the trademarks asserted in this case (EMOJI), at least because Winlyn's actions were not likely to, and did not, cause confusion or mistake, or deceive consumers. *See* 15 U.S.C. § 1114(1).

5. Winlyn is not liable to Emoji for false designation of origin at least because Winlyn's actions were not likely to, and did not, cause confusion or mistake, or deceive the public regarding the origin, sponsorship, or approval of its goods. *See* 15 U.S.C. § 1125(a)(1).

6. Emoji is not entitled to recover Winlyn's profits or its own damages because Winlyn did not act with knowledge of the (EMOJI) marks or intend any such use to cause confusion or mistake, or to deceive. *See* 15 U.S.C. § 1114(1)(b).

7. Emoji is not entitled to recover enhanced damages or attorney fees because Winlyn did not act with knowledge of the (EMOJI) marks. *See* 15 U.S.C. § 1117(b).

8. Emoji's asserted trademarks (EMOJI) were not validly registered at least because the marks are generic. *See* 15 U.S.C. § 1065(4).

9. Winlyn is not liable to Emoji for trademark infringement at least under the doctrine of fair use. *See* 15 U.S.C. § 1115(b)(4).

10. Emoji's claims and requested relief are barred in whole or in part under principles of equity, including without limitation the doctrines of estoppel, laches, waiver, and unclean hands.

11. Winlyn reserves the right to assert additional defenses, including those listed in Fed. R. Civ. P. 8(c), which may be learned during discovery and further factual investigation.

## **RELIEF REQUESTED**

WHEREFORE, Winlyn respectfully requests that the Court:

A. Enter judgment in favor of defendant Winlyn dismissing Emoji's claims with prejudice.

B. Declare this case exceptional, and award Winlyn its reasonable costs and attorney fees in an amount to be proven, pursuant to 15 U.S.C. § 1117(a); and

C. Grant Winlyn such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Defendant Winlyn demands a trial by jury on all issues so triable.

Date: June 23, 2022    Respectfully submitted,


*Peter J. Curtin*
Peter J. Curtin (6332596)
Yichen Cao, Ph.D.
**ARCH & LAKE LLP**
203 North LaSalle Street, Suite 2100
Chicago, IL 60601
Telephone: (312) 558-1369
Facsimile: (312) 614-1873
Email: pete_curtin@archlakelaw.com
           yichencao@archlakelaw.com

Haoyi Chen, Ph.D.
ARCH & LAKE LLP
2500 Wilcrest, Suite 301
Houston, TX, 77042
Telephone: (346) 335-9890
Facsimile: (312) 614-1873
haoyichen@archlakelaw.com

*Counsel for Defendant Shantou City Zhuoxiang Trading Co., Ltd.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 23, 2022, the foregoing Defendant Winlyn's Answer to Complaint was served upon all counsel of record in this litigation by electronic filing through the district's ECF system.

*Peter J. Curtin*
Peter J. Curtin